# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **LANDMARK AMERICAN INSURANCE COMPANY,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) Case No.: 1:20-CV-02631-STA-jay ) |
| **HECO REALTY, LLC and LIBERTY MUTUAL FIRE INSURANCE COMPANY,** | ) ) ) ) |
| **Defendants.** | ) ) |

## ORDER DENYING PLAINTIFF'S MOTION FOR MORE DEFINITE STATEMENT

Before the Court is Plaintiff Landmark American Insurance Company's Motion for More Definite Statement (ECF No. 36) filed November 25, 2020. Defendant Liberty Mutual Fire Insurance Company has responded in opposition. For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

On August 20, 2020, Plaintiff Landmark American Insurance Company ("Landmark") filed a Complaint for Declaratory Judgment "in order to determine its coverage obligations" to Defendant HECO Realty, LLC ("HECO") under a policy insuring commercial property. (Compl. 1.) According to the Complaint, Landmark insured property owned by HECO in Dyersburg, Tennessee. HECO leased the property to Renwood Acquisitions, LLC d/b/a Keckethorn Manufacturing ("Keckethorn"). HECO claims that certain losses occurred at the property when an unknown third party removed copper wiring and other equipment from the property sometime

1

in the summer of 2019, after Keckethorn had declared bankruptcy but still had a leasehold at the property. As one of the terms of its lease from HECO, Keckethorn maintained insurance coverage at the property through a policy of its own issued by Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual"). Landmark's Complaint now seeks a declaration from this Court spelling out "its obligations of coverage, if any, to HECO for the alleged missing property and related property damage" as well as a determination of which insurance company, Landmark or Liberty Mutual, provided primary coverage for the alleged losses.

On November 4, 2020, Liberty Mutual filed an Answer to Landmark's Complaint and a Counterclaim for breach of contract and reimbursement of settlement payment. Liberty Mutual alleges the following facts in support of its Counterclaim. Keckethorn assigned all claims for the alleged losses at the commercial property to HECO in August 2019. (Countercl. ¶ 16, ECF No. 27). HECO, which was listed as an additional insured on Keckethorn's policy with Liberty Mutual, filed a claim with Liberty Mutual for the alleged losses in September 2019. (*Id*. ¶ 17.) HECO also filed a claim for the same losses under its policy with Landmark, a claim which Landmark denied. (*Id*. ¶¶ 18, 19.)

In October 2020, Liberty Mutual entered into a settlement with HECO for the claim under its policy and agreed to pay $1.675 million for the losses at HECO's property. (*Id*. ¶ 21.) For its part HECO released its claims for any loss under the Liberty Mutual policy and assigned to Liberty Mutual its claim under the Landmark policy. (*Id*. ¶ 22.) Liberty Mutual seeks two forms of declaratory relief as part of its Counterclaims: (1) that the loss at HECO's property was covered by the Landmark policy; and (2) that the Landmark policy provides primary coverage while Liberty Mutual's is excess only. (*Id*. ¶¶ 26, 27.) From these premises, Liberty Mutual's

2

Counterclaim seeks full reimbursement from Landmark for the $1.675 million settlement it paid HECO.

In its Motion for More Definite Statement, Landmark argues that the Counterclaim fails to spell out what portion of HECO's claim is represented by the $1,675,000 Liberty Mutual paid HECO for the release and assignment of its claims. HECO made a claim under the Landmark policy for $2,273,563.13 in losses, or $598,563.13 more than the amount Liberty Mutual agreed to pay HECO. The Counterclaim does not specify whether Liberty Mutual found only part of the claim payable or whether the payment represented something other than the value of the actual covered losses. For example, HECO leased multiple buildings to Keckethorn and identified damages in more than one of them. Liberty Mutual has not identified which of those alleged losses were paid as part of its settlement with HECO. Landmark argues then that the Court should order Liberty Mutual to amend its Counterclaim to correct these omissions and include these material facts.

Liberty Mutual opposes Landmark's Motion. Liberty Mutual answers that its Counterclaim satisfies the notice pleading requirements of Federal Rule of Civil Procedure 8(a). The absence of these facts from Liberty Mutual's pleadings does not render the Counterclaim so vague that Landmark cannot frame a response to the pleadings. Landmark can obtain the more detailed information it seeks as part of the formal discovery process. For these reasons the Court should deny Landmark's Motion.

## STANDARD OF REVIEW

A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8 standard does not require "detailed factual allegations," just something more than "labels and conclusions" or "a formulaic

3

recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Under Federal Rule of Civil Procedure 12(e), "a party may move for a more definite statement to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed R. Civ. P. 12(e).  "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002); *Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Vill. Sch. Dist.*, 428 F.3d 223, 228 (6th Cir. 2005).

Generally speaking, motions for more definite statement are disfavored.  *E.g. In re Flint Water Cases*, 384 F. Supp. 3d 802, 873 (E.D. Mich. 2019); *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007).  The United States Supreme Court has explained the simplified notice pleading standard of Rule 8(a) relies on "liberal discovery rules and summary judgment motions" and not technical forms of pleading.  *Swierkiewicz*, 534 U.S. at 512.  Therefore, motions for a more definite statement should not be granted unless the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."  *E.E.O.C. v. FPM Group, Ltd.,* 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009) (citations omitted).

## ANALYSIS

Landmark has not shown that Liberty Mutual's Counterclaim is so devoid of clear and comprehensible factual allegations that a more definite statement is warranted.  The pleadings set forth the alleged covered losses HECO suffered at its Dyersburg properties, the insurance coverage provided by Landmark and Liberty Mutual at the properties, the relevant policy provisions in each

company's insurance contract with its insured, the claims history surrounding HECO's properties, and the settlement between Liberty Mutual and HECO for the claims. It appears to the Court that for purposes of this suit, each party has taken coverage positions on opposite sides of the same coin. Landmark believes it owes no coverage and that even if it did, Liberty Mutual's coverage is primary. Liberty Mutual believes Landmark's policy covers the loss and that to the extent Liberty Mutual owes coverage at all, Landmark's is primary. The Court holds that the Counterclaim gives Landmark proper notice of Liberty Mutual's claim for relief and the position it takes in relation to Landmark's own claims for declaratory relief.

The only real issue Landmark takes with the Counterclaim is Liberty Mutual's failure to itemize which parts of HECO's underlying claims it paid and which parts it denied, and to a lesser extent whether Liberty Mutual's monetary settlement reflected other considerations like its desire to avoid the costs of litigation. As Landmark correctly notes, HECO accepted from Liberty Mutual an amount in settlement less than the amount of the claim it made under Landmark's policy. Under the circumstances Landmark would like a more detailed breakdown of Liberty Mutual's damages. But these are obviously questions for discovery and perhaps subsequent dispositive motions. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring a party to make initial disclosures of any claim for damages, including a computation of the damages and the evidence supporting its computations); 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). Landmark's objections do not, however, show that the Counterclaim is indecipherably vague or hopelessly ambiguous such that Landmark answers the claims at its own risk. Therefore, no more definite statement of Liberty Mutual's claims for relief is required.

## **CONCLUSION**

Liberty Mutual's Counterclaim satisfies the notice pleading requirements of Rule 8(a) and otherwise permits Landmark to respond. Therefore, Landmark's Motion for More Definite Statement is **DENIED**.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: January 14, 2021.